UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CHARLES F. GILLESPIE )
)
v. ) No. 1:14-cv-63/1:12-cr-24
) *Judge Curtis L. Collier*
UNITED STATES OF AMERICA )

## MEMORANDUM

Charles F. Gillespie ("Gillespie") has filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Criminal Doc. 27).[1] Also before the Court is Gillespie's motion to proceed *in forma pauperis* (Criminal Doc. 26).

A motion filed under 28 U.S.C. § 2255 is not a civil action. Consequently, an application to proceed *in forma pauperis* is unnecessary since there is no filing fee in a § 2255 proceeding. *See* L.R. 9.3(b). Accordingly, the application to proceed *in forma pauperis* is **DENIED** (Criminal Court File No. 26).

The government shall not be required to file an answer to the § 2255 motion because, for the reasons explained below, the Court concludes Gillespie's § 2255 motion will be **DENIED** as time-barred and this action will be **DISMISSED** (Criminal Court File No. 27).

## I. BACKGROUND

Gillespie pleaded guilty to Count One of the Indictment charging him with possessing a firearm after a felony conviction in violation of Title 18 U.S.C. § 922(g) (Criminal Court File No. 17–Minute Entry of Plea Hearing). On October 11, 2012, Gillespie was sentenced to 70 months imprisonment to run consecutively to any state or federal sentence (Criminal Court File No.

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

24–Minute Entry of Sentencing; No. 25–Judgment), and his judgment of conviction was entered on October 23, 2012 (Criminal Court File No. 25–Judgment). Gillespie did not pursue a direct appeal. Gillespie filed the instant § 2255 motion on or about February 26, 2014 (Criminal Court File No. 27).

## II. APPLICABLE LAW

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Title 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitation period for federal inmates seeking relief under this section shall run from the latest of–

(1) the date on which the judgment of conviction becomes final[.]

28 U.S.C. § 2255(f).

## III. TIMELINESS

The statute of limitations in Gillespie's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Gillespie was sentenced to a term of imprisonment for 70 months on October 11, 2012, and his judgment was entered on October 23, 2012 (Criminal Court File No. 24–Minute Entry; No. 25–Judgment). Pursuant to Fed. R. App. P. 4(b)(1)(A) a notice of appeal had to be filed within fourteen (14) days after entry of the judgement. Rule 26(a) of the Federal Rules of Appellate Procedure provides the day of the event triggering the period shall be excluded, the last day of the period shall be included, and weekends and holidays are to be counted when calculating the fourteen-day period unless the last day of the period falls on a weekend or holiday. Under these rules, Gillespie had until November 6, 2012, to file a notice of appeal. Because Gillespie did not seek direct review, his judgment became final fourteen days after

it was entered i.e. November 6, 2012, the date the 14-day statute of limitations for filing a direct appeal expired. See Fed. R. App. P. 4(b) (1) (A); *Cf. Clay v. United States,* 537 U.S. 522, 524 (2003) (for the general proposition that a judgment of conviction becomes final, for purposes of starting the clock on § 2255's one-year limitation period, when the time expires for filing the appeal). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). In Gillespie's case, his judgment of conviction became final on November 6, 2012, and pursuant to 28 U.S.C. § 2255(f)(1) the applicable one-year statute of limitation expired one year later on November 6, 2013.

Under the "prison mailroom filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. It does not appear that Gillespie's § 2255 motion was sent through the prison mailroom because the envelope in which the § 2255 motion was mailed to the Court does not bear a stamp showing the date it was received by the prison mail room for mailing. The postmark on the envelope indicates it was mailed on February 27, 2014 (Criminal Court File No. 27-1). Although Gillespie certified under penalty of perjury that he placed his motion in the prison mail system on February 23, 2014, (Criminal Court File No. 27, at 14), that appears to be inaccurate as his simultaneously filed motion to proceed *in forma pauperis* was not signed and notarized until February 24, 2014, and other included paperwork was signed as late as February 26, 2014 (Criminal Court File No. 26, at 3, 4-7). Nevertheless, regardless of the exact date in February 2014, on which Gillespie filed his § 2255 motion, it was filed more than three months after the expiration of the one-year statute of limitation for filing a § 2255 motion, and therefore is time-barred.

3

## IV. EQUITABLE TOLLING

In an effort to excuse his tardiness, Gillespie claims he only recently learned his conviction amounts to double jeopardy because the state had previously sentenced him on the charge.[2] Aside from both Gillespie's failure to present any facts to support his claim and the fact that it does not appear he has a credible double jeopardy claim, for purposes of this analysis the Court discerns Gillespie is claiming the one-year limitations period applicable to his § 2255 motion is subject to equitable tolling based on the extraordinary circumstance of his recent discovery of a double jeopardy claim. In appropriate cases, the limitation period may be equitably tolled to excuse the tardy filing of a 2255 motion. *Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006). Although application of the doctrine of equitable tolling to the one-year statute of limitations applicable to § 2255 motions is permitted, *id.* at 935, to qualify for equitable tolling, a prisoner must show he pursued his rights diligently and some extraordinary circumstance stood in his way. *Holland v. Florida,* 560 U.S. 631 (2010).

Gillespie bears the burden of showing he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Factually unsupported allegations, however, are insufficient to raise the issue of equitable tolling. *Drew v. Department of Corrections,* 297 F.3d

---

[2] A review of Gillespie's Presentence Investigation Report ("PSR") reflects his offense conduct was based on his admission of purchasing a Marlin .22 caliber rifle and a Jennings .22 caliber rifle which were recovered at a friend's house where Gillespie was storing the firearms (PSR, at 3 ¶¶3-4). Gillespie's February 28, 2012, state conviction for felon in possession of a firearm in Rhea County Circuit Court was based on his conduct of unlawfully taking and possessing a Remington .270 rifle belonging to Wal-Mart (PSR, at 6 ¶25).

4

1278, 1292 (11th Cir. 2002) ("In light of the wholly conclusory nature of Drew's recently-presented allegations and in the absence of supporting evidence, the district court did not abuse its discretion in deciding not to hold a hearing [on his equitable tolling claim]").

The doctrine of equitable tolling is used sparingly and, typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Although Gillespie is proceeding *pro se* and is untrained in the law, his alleged ignorance of the double jeopardy law is insufficient to permit equitable tolling of the applicable one-year statute of limitation. *See Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004) ("'ignorance of the law alone is not sufficient to warrant equitable tolling'") (quoting *Rose v. Delo,* 945 F.2d 1331, 1335 (6th Cir. 1991)); *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Consequently, Gillespie simply does not state any basis for equitable tolling.

Accordingly, under the circumstances, the doctrine of equitable tolling is not applicable here, and therefore, Gillespie's § 2255 motion is time-barred.

## V. CONCLUSION

Based on the foregoing reasons, Gillespie's § 2255 motion to vacate, set aside, or correct his sentence will be **DENIED** as time-barred under 28 U.S.C. § 2255(f)(1) (Criminal Court File No. 27), his motion to proceed *in forma pauperis* will be **DENIED** (Criminal Court File No. 26), and this action will be **DISMISSED**.

An appropriate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**